IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff(s), <br><br> v. <br><br> **JONATHAN ORTIZ-TORRES,** <br> **ANGEL SANTANA-ESPINET,** <br> **LEROY SANTANA-ROSADO,** <br><br> Defendant(s). | **CRIMINAL NO. 10-138 (GAG)** |

**ORDER**

Before the Court is the Government's *Reply to Defendants' Sealed Response to the Government's Motion for Reconsideration* (Docket No. 163), the *Defendants' Joined Sealed Surreply* (Docket No. 174), as well as the *United States' Motion for Reconsideration* (Docket No. 131), Defendants' *Sealed Response to Government's Motion for Reconsideration* (Docket No. 145).

The defendants request that the Court, in the context of Brady, Giglio and Kyles (rather than under Fed. R. Crim. P. 16), order the government to produce (at least for *in camera* inspection), the U.S. Attorney's death penalty memorandum submitted to the Attorney General.

The Court hereby denies defendants' request for discovery of the death penalty memorandum.

Brady fosters the preservation of fairness of criminal trials.  However, fairness does not equate to an obligation on behalf of the government to reveal prosecutorial strategies, legal theories or impressions of the evidence.[1]

Notwithstanding the preceding, the Court shall nonetheless order the government to present for *ex parte*, *in camera* inspection the death penalty memorandum (or memoranda) at issue.

This case is unique.  The government, at a very early stage has disclosed Brady - Giglio evidence to the defense.  Not only are there seemingly varied versions of fact by government witnesses.  More so, one factual version would, if believed by the factfinder, support a finding that the jurisdictional element of the carjacking statute is not present.

Not only do we have the above, but further, this is a case where the FBI's 302 was amended to now include facts supporting the carjacking statutes jurisdictional element.  This, within two weeks of the preliminary hearing and a day prior to the issuance of the indictment.[2]

While the government's proffered reasons for amending the FBI 302 are entirely plausible, the Court cannot recall even confronting such a situation as this in the past.  Nor has the Court found, or the parties brought forth, similar instances.  Additionally, if the original FBI 302 was a draft, then why was it produced as discovery in the first instance?

In this case the defendants face a possible life or death (if certified) sentence.  The Court, is

---

[1] The Supreme Court has not decided whether the government's work-product must be disclosed under Brady.  Goldberg v. U.S., 425 U.S. 94, 98 n.3 (1976).  Nor has the First Circuit.

[2] The original FBI 302 was redacted on March 25, 2010, two days after the FBI agents interviewed defendant Ortiz Torres.  The preliminary hearing took place on April 7, 2010, and the issue of jurisdiction was first brought to the attention of the Court by the defense.  On April 21, 2010 the FBI 302 was amended.  And, on April 22, the indictment was issued.

thus compelled, in this instance, to review the government's death penalty memorandum (or memoranda) to ascertain whether the United States in fact complied with its duties under Brady.

The Court advises the government that it only intends to confirm that what was already provided to the defense as Brady - Giglio material is all that the government has at this time, and that the government has not committed any misconduct by not disclosing any exculpatory evidence. The Court, however, is clear, that what is included or not included in the memorandum, or any analysis of the evidence is not covered by Brady.[3] In other words, the Court does not intend to disclose to the defense any governmental work-product.

Finally, the Court notes that this is not the first instance of a federal court ordering *in camera* review of a privileged death penalty memorandum. See United States v. Llera Plaza, 181 F.Supp. 2d 414, 420 (E.D. PA. 2002). In said case, the Court reviewed *in camera* the governmental memorandum and determined that the prosecution acted lawfully.

The government shall submit for *in camera* inspection on or before December 1, 2010, the documents object of this order.

**SO ORDERED.**

In San Juan, Puerto Rico this 22nd day of November, 2010.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

---

[3] Likewise it is not a "statement" for Jencks purposes.